CITY OF DETROIT *v.* WAYNE CIRCUIT JUDGE.

1. APPEAL AND ERROR—CHANCERY CASES—SETTLEMENT OF CASE —EXTENSION OF TIME.
   Whether the time for settlement of a chancery case can be extended under Act No. 129, Pub. Acts 1905, after the statutory forty days have elapsed without steps taken to perfect an appeal, quære.

2. SAME—STATUTE—APPLICATION.
   Act No. 129, Pub. Acts 1905, providing for the settlement of chancery cases on appeal, has no application to a case which is not before the court upon pleadings and proofs, but upon an oral demurrer to an amended bill.

Mandamus by the city of Detroit to compel George S. Hosmer, circuit judge of Wayne county, to settle a bill of exceptions on an appeal. Submitted January 2, 1906. (Calendar No. 21,461.) Writ denied January 24, 1906. Rehearing granted March 23, 1906; reargued June 12, 1906. Former opinion withdrawn and previous order affirmed July 3, 1906.

*Timothy E. Tarsney*, for relator.

*Jasper C. Gates* and *Thomas A. E. Weadock*, for respondent.

PER CURIAM. Under an ordinance of the relator, the city of Detroit, the Co-Operative Telephone Company was granted permission to construct and maintain an electric plant in said city, and was granted the right to use the conduits, poles, buildings, and other property of the city of Detroit at a proper maintenance rental. The ordinance contained many other provisions immaterial to mention.

The company constructed its plant. The public lighting commission of the city presented a bill for the use of the city's poles, etc., for $410.95. The telephone company contended that under the ordinance it should pay a rate not exceeding one-half cent per duct foot, while the city claimed five cents. The city's public lighting commission directed the removal of certain of the wires and cables of the telephone company, and thereupon the telephone company filed a bill of complaint to restrain such removal and determine the proper rental. The city and the lighting commission answered the bill. Subsequently, by stipulation, the bill of complaint was amended by adding several paragraphs thereto. To the amended bill no answer was made, but the court heard the parties on an oral demurrer to the amended bill, and after argument filed an opinion holding many of the provisions of the ordinance void. Some proofs had meanwhile been taken as to the proper rental. A decree was entered on August 22d, by consent in open court of the solicitors for the telephone

company, for the full amount claimed by the city. This amount was subsequently paid, and that part of the decree discharged.

The relator took no steps to secure an appeal until October 13th, when it made a motion for an extension of time to settle a case under the statute (Act No. 129, Pub. Acts 1905), which provides that, where the cause is tried upon testimony taken in open court, either party may make and settle a case, following as far as practicable the making of cases for review at law, at such time and in such manner as is now provided by rule for the settlement of bills of exception in cases at law. The court denied the motion on October 18th, for the reason, among others, that more than 50 days had expired after the rendition of the decree before steps were taken to perfect an appeal. No further action was taken by the relator until November 11th, when it gave notice of a settlement of the case to be presented to the court on November 16th. The court refused to settle the case, and relator now seeks to compel settlement by the writ of mandamus from this court.

Upon examination of respondent's return, it appears that this case is not before us upon pleadings and proofs, but upon an oral demurrer to the amended bill of complaint. The case therefore does not come within the statute, and its construction is not properly before us. The construction of this statute in connection with Circuit Court Rule 47 is of considerable importance to the profession. We therefore choose to withhold a final determination as to the construction of the statute until a case is brought before us directly involving the question.

The court below was correct in refusing to settle the case for the reason above stated, and the writ is therefore denied, without costs.